## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ] | Chapter 7 Case |
| MARIA ARREOLA, | ] | Case No. 14-24161 |
| Debtor. | ] | Hon. Jacqueline P. Cox |

### NOTICE OF MOTION

TO:   ALL ECF REGISTRANTS; and by
      **BY FIRST CLASS MAIL TO:**
      ALL PARTIES LISTED ON THE ATTACHED MAILING MATRIX; and
      Maria Arreola, 10221 S Avenue H, Apt #2, Chicago IL 60617
      Robert Fink, Esq, Collison Law Offices Ltd, 19 S LaSalle St, Suite 1400, Chicago IL 60603
      Capital One Bank (USA) NA, by American InfoSource LP as agent, POB 71083, Charlotte NC 28272-1083
      American InfoSource LP as agent for T Mobile/T-Mobile USA Inc, POB 248848, Oklahoma City, OK 73124-8848
      American InfoSource LP as agent for DIRECTV, LLC, POB 51178, Los Angeles, CA 90051-5478
      Portfolio Recovery Associates, LLC, Successor to CAPITAL ONE, N.A. (Fifth Third), POB 41067, Norfolk, VA 23541

PLEASE TAKE NOTICE that the undersigned has filed the attached **TRUSTEE'S MOTION TO APPROVE SETTLEMENT, APPROVE ISSUANCE OF INTERIM DISTRIBUTION OF SURPLUS FUNDS TO DEBTOR, AND APPROVE APPLICATION FOR FINAL COMPENSATION AND EXPENSES TO PERSONAL INJURY COUNSEL**, and said motion shall be heard on **NOVEMBER 1, 2016**, at the hour of **9:30AM** before the Honorable Jacqueline P. Cox, or any judge sitting in her stead, in the Dirksen Federal Building, 219 S Dearborn St, Room 680 Chicago IL. A copy of the motion is attached hereto.

                                             Deborah K. Ebner,

                                     By:     /s/ Deborah K. Ebner
                                             Deborah K. Ebner, Trustee

Deborah K, Ebner (#6181615)
Law Office of Deborah Kanner Ebner
11 East Adams Street
Suite 904
Chicago, Illinois 60603
(312) 922-3838

### CERTIFICATE OF SERVICE

I, DEBORAH K. EBNER, hereby certify that on September 29, 2016, I caused copies of this Notice and attached Motion to be served upon the parties listed on the attached Service List by mailing same in a postage-prepaid envelopes and by electronically serving all ECF Registrants by means of the ECF Filing System.

                                             /s/ Deborah K. Ebner
                                             Deborah K. Ebner

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ] | Chapter 7 Case |
| MARIA ARREOLA, | ] | Case No. 14-24161 |
| Debtor. | ] | Hon. Jacqueline P. Cox |

**TRUSTEE'S MOTION TO APPROVE SETTLEMENT, APPROVE ISSUANCE OF INTERIM DISTRIBUTION OF SURPLUS FUNDS TO DEBTOR, AND APPROVE APPLICATION FOR FINAL COMPENSATION AND EXPENSES TO PERSONAL INJURY COUNSEL**

Deborah K. Ebner, Trustee for the Estate of Maria Arreola, by and through her attorney, the Law Office of Deborah Kanner Ebner, presents her Motion to Approve Settlement, Issue Interim Distribution of Surplus Funds to Debtor, combined with Application for Final Compensation and Expenses to Personal Injury Counsel. In support of the foregoing, the Trustee respectfully states as follows:

1. Maria Arreola (hereinafter referred to as the "Debtor") filed her voluntary chapter 7 bankruptcy petition on June 30, 2014.

2. Deborah K. Ebner is the duly appointed and acting Trustee of the Debtor's chapter 7 case.

3. Property of the Debtor's Estate includes the Debtor's claim against Commercial Contract Cleaning, Inc and US Maintenance Inc, and certain others for injuries stemming from an unwitnessed slip and fall incident in which Debtor suffered injuries, primarily, to her right knee. That claim is pending as <u>Aerrola v. Commercial Contract Clean, et al</u>, Case Number 13L009363, in the Circuit Court of Cook Count, Illinois (the "Lawsuit[1]").

4. Pursuant to orders of this Court, the Trustee was authorized to employ the

---

[1] Notwithstanding the fact that Trustee is not listed as the captioned Plaintiff in the lawsuit, the lawsuit is acknowledged to be property of the Bankruptcy Estate pursuant to 11 U.S.C. § 541.

2

Debtor's personal injury counsel Robert Fink and Collison Law Offices, Ltd., as special counsel to pursue the Lawsuit (the "Special Counsel"). The terms of Special Counsel's retention by the Estate were similar to its retention by the Debtor, namely fees due equal to 37.5% of the gross recovery by settlement or judgment plus reimbursement of costs advanced. A copy of the Attorney-Client Fee Agreement between Special Counsel and the Debtor is attached hereto and incorporated herein as **Exhibit A.** A copy of this Court's order authorizing the retention of Special Counsel is attached hereto and incorporated herein as **Exhibit B**.

5. Through the mediation efforts of Retired Judge Michael Panter, Special Counsel and Defense Counsel have reached an agreement of full settlement of all claims by and between the Plaintiff and Defendants for $550,000.00.[2] A true and correct copy of the proposed settlement, and the lien release related thereto, is attached and incorporated hereto as **Group Exhibit C**.[3]

6. The Bar Date for filing general unsecured and government claims against this Estate expired March 12, 2015. Timely filed claims aggregate $3,891.34. Approval of the settlement will provide a 100% distribution to all creditors, and a substantial surplus distribution to Debtor[4].

7. In addition to the foregoing relief, at this time, Trustee seeks authority to compensate Special Counsel its fees and costs advanced pursuant to the Attorney-Client Fee Agreement and its employment with the Estate. Special Counsel seeks an and payment award of

---

[2] The worker's compensation lien has been reduced to $90,000.00 in full satisfaction of the worker's compensation lien. There are no medical liens to be adjudicated.

[3] Although not a signatory on Exhibit C, entry of an order approving this Motion is intended to serve as a release of the state court lawsuit defendants by this Estate.

[4] It is anticipated that Debtor shall receive a surplus distribution in excess of $200,000.00 upon completion of this administration. A true and correct estimate of the contemplated distribution schedule is attached hereto as **Exhibit D**.

attorneys' fees in the amount of $206,250.00 and reimbursement of costs advanced in the amount of $9,410.58, an itemization of which is attached hereto **Exhibit E**. In addition, Trustee seeks authority to disburse an interim distribution of $150,000.00 to the Debtor at this time.

## Relief Requested

8. Trustee asks the Court to enter the Order approving the Settlement.

9. The Court has broad discretion under Fed. R. Bankr. P. 9019(a) to approve the described settlement, provided that it is in the best interests of the Debtor's estates. *See In re American Reserve Corp.*, 841 F.2d 159, 161 (7th Cir. 1987). The Court need not, however, "conclusively determine claims subject to compromise, nor find that the settlement constitutes the best result obtainable." *In re Apex Oil Co.,* 92 B.R. 847, 867 (Bankr. E.D. Mo. 1988) (citing *In re W.T. Grant Co.*, 699 F.2d 599, 613 (2d Cir. 1983)). Similarly, "a precise determination of likely outcomes is not required, since 'an exact judicial determination of the values in issue would defeat the purpose of compromising the claim.'" *In re Telesphere Communications*, 179 B.R. 544, 553 (Bankr. N.D. Ill. 1994) (quoting *In re Energy Co-Op, Inc.*, 886 F. 2d 921, 929 (7th Cir. 1989)). All that is required is for the Court to "canvass the issues to determine that the settlement does not fall 'below the lowest point in the range of reasonableness.'" *Apex Oil,* 92 B.R. at 867 (citation omitted).

10. In assessing a proposed compromise, the Court must consider: (i) the estate's probability of success in the litigation; (ii) the cost and complexity of the litigation; and (iii) the creditors' view on the settlement, although such views are not controlling. *American Reserve,* 841 F.2d at 161-62; *Apex Oil*, 92 B.R. at 867.

## Notice

11. This Motion has been filed electronically, and notice thereof will be provided

electronically on the date hereof, via the court's CM/ECF system, to (a) counsel for the Debtor, (b) counsel for the United States Trustee, and (c) entities, or their counsel, who have filed a notice of appearance through the Court's CM/ECF system. Additionally, this Motion has been served via U.S. Mail on the Debtor and all creditors scheduled by the Debtor. Trustee asks the Court to find that such notice is sufficient and to approve the same under Fed. R. Bankr. P. 9007.

**WHEREFORE,** Deborah K. Ebner, Trustee for the Estate of Maria Arreola, respectfully requests that the Court enter an order attached hereto granting this motion (i) granting this Motion; (ii) approving the settlement of $550,000.00; (iii) deeming entry of the order as a full and complete release by the Estate in favor of the state court lawsuit defendants.; (iv) awarding and authorizing payment of the following costs and fees to Special Counsel, by Trustee upon receipt of the settlement proceeds:

    Fees:      $206,205.00

    Expenses:   $9,410.58

(v) authorizing Trustee to disburse an interim distribution of $150,000.00 to the Debtor; (vi) finding that notice of the Trustee's motion is sufficient as given; and (vi) granting the Trustee such other and further relief as this Court may deem just and proper.

                      Respectfully submitted,
                      Deborah K. Ebner, not individually, but as
                      Trustee for the Estate of Maria Arreola,

                      By: _____/s/Deborah K. Ebner, Trustee

Deborah K, Ebner (#6181615)
Law Office of Deborah Kanner Ebner
11 East Adams Street
Suite 904
Chicago, Illinois 60603
(312) 922-3838